IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| MEGAN COLONEL, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 5:23-cv-00006 |
| | ) ) ) ) | **UNOPPOSED MOTION FOR EXTENSION OF TIME** |
| TESLA, INC.; TESLA LEASE TRUST; TESLA FINANCE LLC. | ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS TESLA, INC. AND TESLA LEASE TRUST'S UNOPPOSED MOTION TO EXTEND DEADLINE TO RESPOND TO COMPLAINT**

Defendants Tesla, Inc. and Tesla Lease Trust (collectively, "Defendants") respectfully move this Court for an extension of time to answer or otherwise respond to the Complaint. In support of this unopposed motion, Defendants state as follows:

1. Plaintiff Megan Colonel filed a class action complaint in this Court on January 9, 2023. *See* Complaint, ECF No. 1.

2. Defendants' registered agents were served with the Complaint on January 13, 2023, which means that a response to the Complaint was due by February 3, 2023. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). As of this filing, Defendant Tesla Finance LLC has not yet been served.

3. After service of the Complaint—and before the February 3 response deadline—Defendants and counsel for Plaintiff conferred regarding an extension of time to respond to Plaintiff's Complaint. Defendants requested until March 14, 2023 to respond to the Complaint, and counsel for Plaintiff agreed with this request and confirmed the agreement in a January 30, 2023 email.

4. Proof of service for Tesla, Inc. and Tesla Lease Trust was not filed until February 9, 2023. *See* ECF Nos. 7, 8.

5. Pursuant to Local Rule 6.1(a), Defendants submit that good cause exists for the requested extension. Defendants only recently retained the undersigned counsel for this matter, who did not learn until February 9 that Defendants were served on January 13 and had obtained agreement from Plaintiff's counsel for an extension. After learning of the date of service, the undersigned counsel promptly filed this Motion to secure the extension pursuant to the parties' agreement.

6. Defendants respectfully submit that these circumstances qualify as excusable neglect pursuant to Fed. R. Civ. P. 6(b)(1)(B); *see Butler v. United States*, No. 5:20-CV-480-BO, 2021 WL 1095306, at *1 (E.D.N.C. Mar. 22, 2021) (Boyle, J.) ("Where a motion to extend time is filed after the deadline for filing has expired, the moving party must show excusable neglect."). "In determining whether neglect is excusable, the court must consider the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *McClary v. Lightsey*, No. 5:16-CT-3052-BO, 2018 WL 9849553, at *2 (E.D.N.C. June 20, 2018) (Boyle, J.).

7. Here, the neglect in timely seeking an extension is excusable. Defendants and Plaintiffs' counsel reached agreement as to the extension *before* the February 3 deadline for responding to the Complaint. The failure to file this Motion before that date was therefore not due to bad faith. *See Walker v. Durham*, No. 5:12-CT-3186-BO, 2014 WL 4728719, at *4 (E.D.N.C. Sept. 23, 2014) (Boyle, J.) (finding excusable neglect where "short delay" was "inadvertent and certainly there [was] no showing of bad faith"). In addition, Defendants only recently retained

counsel and would suffer significant prejudice if they could not properly respond to the Complaint, including by seeking to compel arbitration of Plaintiff's claims.[1] *See Malmgren v. Malmgren*, No. 5:18-CV-287-BO, 2019 WL 5092447, at *1 (E.D.N.C. Apr. 1, 2019) (Boyle, C.J.) (finding that "failure to timely request an extension" was due to excusable neglect where moving party only "recently obtained" counsel and would "suffer great prejudice" absent an extension). And Plaintiff's counsel's consent to the March 14, 2023 extension confirms that Plaintiff would suffer no prejudice from the extension.

8. No extensions have previously been sought in this case. As stated above, Defendants have conferred with Plaintiff's counsel, who does not oppose the requested extension.

THEREFORE, for the reasons stated above, Defendants request that the Court grant this unopposed motion and enter an order extending the time for Defendants to answer or otherwise respond to the Complaint until March 14, 2023. A proposed order is attached.

Respectfully submitted this 10th day of February, 2023.

/s/ Ursula M. Henninger
Ursula M. Henninger
**KING & SPALDING LLP**
300 S Tryon Street
Suite 1700
Charlotte, NC 28202
Phone: (704) 503-2600
Fax: (704) 503-2622
uhenninger@kslaw.com
N.C. Bar No. 19074

***Attorney for Tesla, Inc. and Tesla Lease Trust***

---

[1] By filing this motion, Defendants do not concede that Plaintiff's claims were properly brought in this Court and expressly reserve the right to move to compel arbitration of some or all of Plaintiff's claims.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, a true and correct copy of the foregoing DEFENDANTS TESLA, INC. AND TESLA LEASE TRUST'S UNOPPOSED MOTION TO EXTEND DEADLINE TO RESPOND TO COMPLAINT was filed with the Clerk of Court using the CM/ECF system, which automatically sends e-mail notification of such filing to all attorneys of record.

This 10th day of February, 2023.

/s/ *Ursula M. Henninger*