IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-6-BO-KS

| | | |
|---|---|---|
| MEGAN COLONEL, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | O R D E R |
| TESLA, INC., TESLA LEASE TRUST, TESLA FINANCE LLC, | ) ) ) ) | |
| Defendants. | ) | |

This cause comes before the Court on defendants' motion to compel arbitration and dismiss the complaint. Plaintiff has responded, defendant has replied, and in this posture the motion is ripe for ruling. For the reasons that follow, the motion is granted in part and this action is stayed pending arbitration.

## BACKGROUND

Plaintiff initiated this action by filing a complaint in this Court on January 9, 2023. Plaintiff's complaint alleges claims for, among other things, fraud by omission, breach of express warranty, breach of implied warranty, and breach of written and implied warranty under the Magnuson-Moss Warranty Act. Plaintiff's claims arise from an alleged phantom braking defect in certain Tesla vehicles equipped with an advanced driving system. In lieu of filing an answer, defendants filed the instant motion to compel arbitration and dismiss the case.

## DISCUSSION

The Federal Arbitration Act ("FAA") "reflects a liberal federal policy favoring arbitration agreements." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) (quotations omitted). A district court must stay proceedings and compel arbitration if the moving party demonstrates:

(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect, or refusal of the nonmovant to arbitrate the dispute. *Id.* at 500–01. In determining whether the parties agreed to arbitrate, courts apply state law principles governing contract formation. *Galloway v. Santander Consumer USA, Inc.*, 819 F.3d 79, 85 (4th Cir. 2016).

If the existence of an agreement to arbitrate is in dispute—as it is here—a district court should employ a test akin to summary judgment. *Berkeley Cty. Sch. Dist. v. Hub Int'l Ltd.*, 944 F.3d 225, 234 (4th Cir. 2019). "If the record reveals a genuine dispute of material fact regarding the existence of an agreement to arbitrate, . . . the court shall proceed summarily and conduct a trial on the motion to compel arbitration." *Id.* (internal citations and quotations omitted).

There are no genuine issues of material fact and defendants have demonstrated that arbitration must be compelled in this case. There is plainly a dispute between the parties, as plaintiff has filed the instant complaint. There is further a valid contract between the parties which include an arbitration provision.

Under North Carolina law, a valid contract "requires an offer, acceptance and consideration." *Cap Care Grp., Inc. v. McDonald*, 149 N.C. App. 817, 822 (2002). The parties identify two possible contracts in this case. The first is described as an Order Agreement, where plaintiff placed an order for her Tesla vehicle through Tesla's website. *See* [DE 20-1]. Plaintiff paid a $100 order fee and by its terms the Order Agreement became effective on the date plaintiff accepted the agreement, electronically or otherwise. The Order Agreement included plaintiff's chosen vehicle configuration and specifications and is dated March 24, 2021; the date indicates when the "Order was placed with electronically accepted terms". *Id.* p. 6 of 16. The Order

Agreement includes an agreement to arbitrate, which is clear and conspicuous. It further informed plaintiff how to opt out of the arbitration agreement. The Order Agreement arbitration provision further states that "If [plaintiff does] not opt out, this agreement to arbitrate overrides any different arbitration agreement between [plaintiff and Tesla], including any arbitration agreement in a lease or finance contract." *Id.* p. 9 of 16.

On March 27, 2021, plaintiff executed a Retail Installment Sale Contract (Sale Contract) for the purchase of her Tesla vehicle. Plaintiff electronically signed the Sale Contract by including her signature at the bottom of each page as well as in other, specific sections, including a separate section titled "Agreement to Arbitrate" at the bottom of the first page. *Id.* p. 12 of 16. The full arbitration provision is included on page four of the Sale Agreement, and it is clear and conspicuous. In the final section of the Sale Agreement, plaintiff electronically signed her name under a paragraph which states "You agree to the terms of this contract. . . . You acknowledge that you have read all pages of the contract, including the arbitration provision on page 4, before signing below. . . .." *Id.* p. 16 of 16. A delivery experience specialist signed the contract on behalf of Tesla.

In opposition to the motion to compel arbitration, plaintiff argues (1) that notice was lacking, making enforcement of the arbitration clause unconscionable, (2) that mutual assent and consideration are lacking in the arbitration agreement and it is therefore not binding, and (3) that the opt-out provision is essentially impossible to accomplish, in violation of public policy. Each of plaintiff's arguments is without merit.

(1) Plaintiff argues first that defendants' evidence does not establish what plaintiff herself saw when she ordered her Tesla vehicle online, making it impossible to determine whether defendants provided plaintiff with conspicuous notice that she was agreeing to arbitrate. While defendants' evidence does detail what customers generally see when they place an order for a

3

Tesla vehicle online, defendants have also provided a copy of the Order Agreement entered into by plaintiff specifically. The agreement is five pages, includes plaintiff's name and contact information, and includes a conspicuous agreement to arbitrate on page four.

In terms of defendants' reliance on evidence of what plaintiff would have seen as she ordered her Tesla vehicle online, "[c]ourts across the country, facing issues of e-commerce contracts, have regularly and properly relied on these types of records and have consistently allowed testimony by those with personal knowledge about what 'would have appeared' on a user's screen." *Melo v. Zumper, Inc.*, 439 F. Supp. 3d 683, 694 (E.D. Va. 2020). Defendants have proffered evidence that, in placing her order, plaintiff would have been required to click a button to agree to Tesla's terms and conditions, which are set forth in the Order Agreement. [DE 20-1] Ahluwalia Decl. ¶ 5. Once her order was placed, plaintiff would have received a copy of the Order Agreement and final price sheet in her Tesla account. *Id.* ¶ 6. Plaintiff would further have had access to a link to review the Order Agreement prior to clicking the button to place her order. [DE 18-2] Barclay Decl. ¶ 3.

Finally, plaintiff does not argue that she did not have notice of the arbitration agreement present in her Sale Agreement, which was executed after the Order Agreement. That agreement permits plaintiff and defendants to choose to have "any dispute between us," including disputes arising from the Sale Agreement and any resulting relationship as well as the condition or purchase of the Tesla vehicle, decided by arbitration. Where "[t]he text of the agreement arguably contemplates arbitration of [plaintiff's]s claims, [] any ambiguity about whether those claims are included 'must be resolved in favor of arbitration.'" *Mey v. DIRECTV, LLC*, 971 F.3d 284, 294 (4th Cir. 2020) (citation omitted). There "are limited circumstances in which a court may find an arbitration agreement unconscionable." *Sydnor v.*

4

*Conseco Fin. Servicing Corp.*, 252 F.3d 302, 306 (4th Cir. 2001). Plaintiff has not demonstrated that this is one of those limited circumstances.

(2) Plaintiff argues that the Sale Agreement lacks mutual assent because no representative of defendants signed it. Contrary to plaintiff's argument, a signature of a Tesla representative appears plainly on the face of the Sale Agreement. Plaintiff does not argue that this signature is somehow deficient or would not serve to bind Tesla to the Sale Agreement. Plaintiff also argues that the language of the arbitration agreement is devoid of any promise by defendants to arbitrate or perform in any way.

"Mutual assent is normally established by an offer by one party and an acceptance by the other, which offer and acceptance are essential elements of a contract." *Creech v. Melnik*, 347 N.C. 520, 527 (1998). Here, Tesla offered to sell plaintiff a vehicle based upon certain terms, including an agreement to arbitrate claims, and plaintiff accepted that offer by purchasing the vehicle. The Court finds that mutual assent is not lacking, and this is true whether or not any of defendants signed the agreement. *Collie v. Wehr Dissolution Corp.*, 345 F. Supp. 2d 555, 558-59 (M.D.N.C. 2004).

Under North Carolina law, "[w]here each party agrees to be bound by an arbitration agreement, there is sufficient consideration to uphold the agreement." *Martin v. Vance*, 133 N.C. App. 116, 122 (1999). Again, the Order Agreement requires that disputes are arbitrated and the Sale Agreement provides that either party may elect to arbitrate. Both provisions apply to plaintiff and Tesla, and adequate consideration has been demonstrated.

(3) Plaintiff argues that defendants' opt-out provision is "skewed" so that it is essentially impossible to comply with the terms. The opt-opt provision in the Order Agreement allows a purchaser to opt out of arbitration by sending a letter to Tesla within thirty days of signing the

5

agreement. The letter must include the purchaser's name, VIN number, and the intent to opt out of arbitration. [DE 20-1 p. 9 of 16].

The Court is aware of no requirement that an agreement to arbitrate include an opt-out provision, or that the failure to include an opt-out provision renders an agreement to arbitrate unconscionable. *See Montgomery v. Applied Bank*, 848 F. Supp. 2d 609, 616 (S.D.W. Va. 2012). Moreover, the evidence in this case shows that, despite plaintiffs arguments that a hypothetical purchaser of Tesla vehicles might not learn their VIN number until close to the expiration of or after the thirty-day period, plaintiff signed her Sale Agreement which included her VIN number three days after she entered into her Order Agreement, leaving her ample time to elect to opt out. Accordingly, the Court finds there to be no violation of public policy in regard to the opt-out provision.

As to the remaining factors to be considered, the agreements at issue involve interstate commerce as they concern the sale of a motor vehicle. Finally, as evidenced by both the filing of a complaint and the emails attached to defendants' motion, plaintiff has refused to arbitrate her dispute. [DE 18-3; 18-4].

In sum, the material facts are not in dispute and plaintiff's arguments challenging the validity of the arbitration agreements are without merit. Plaintiff further does not dispute that any issues regarding arbitrability have been delegated to the arbitrator. *See Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 527-28 (2019). Defendant's request to compel arbitration is therefore granted.

In this circuit, while dismissal of the case may be appropriate if all claims are subject to arbitration, *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709 (4th Cir. 2001), "most Fourth Circuit precedent supports the issuance of a stay when all issues in a case are

6

arbitrable." *Allen v. Chevron U.S.A. Inc.*, No. 5:22-CV-18, 2023 U.S. Dist. LEXIS 48874, at *24 (N.D.W. Va. Mar. 22, 2023). The Court elects to stay this matter pending arbitration.

Finally, defendants' seek attorney fees and costs for having to file the motion to compel arbitration, arguing that plaintiff's actions in refusing arbitration and opposing its motion to compel were without justification. Absent a determination that sanctions are appropriate due to extraordinary circumstances or for conduct which amounts to bad faith, "under the American Rule, each party remains responsible for its own fees absent explicit statutory authority or agreement to shift them." *Hensley v. Alcon Labs.*, 277 F.3d 535, 543 (4th Cir. 2002).

Defendants cite to no statutory authority governing fee shifting in this circumstance. The arbitration agreements at issue do not provide for an award of attorney fees if a motion to compel arbitration is filed. And while some courts in this circuit have awarded attorney fees where a motion to compel arbitration has been granted, it does not appear to be "widely accepted". *Waring v. Roper St. Francis Physician Network*, No. 2:14-CV-4299-DCN, 2017 WL 1196798, at *4 (D.S.C. Mar. 31, 2017). Moreover, though the Court found plaintiff's arguments to be without merit, it determines that plaintiff's opposition to arbitration "was not so barren of legally plausible interpretive arguments that the refusal to arbitrate amounted to bad faith." *Dist. Lodge 4 Int'l Ass'n of Machinists & Aero. Workers v. Dyncorp Int'l LLC*, 651 F. App'x 148, 151 (4th Cir. 2016). Defendants' request for attorney fees is therefore denied.

## CONCLUSION

Accordingly, defendants' motion to compel arbitration and dismiss [DE 18] is GRANTED IN PART and DENIED IN PART. The request to compel arbitration is GRANTED. The Court will stay this case pending the resolution of arbitration proceedings. The plaintiff shall file a status update ninety (90) days from the date of entry of this order and every 120 days thereafter. The

clerk shall remove this case from the active docket during the pendency of the stay. Defendants' request to dismiss and for attorney fees are denied.

SO ORDERED, this 17 day of July 2023.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE